**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                        3:05cv315/MCR/MD

**0.25 OF AN ACRE OF LAND,
MORE OR LESS, SITUATED IN
ESCAMBIA COUNTY, STATE
OF FLORIDA, AND ESTATE
OF ALBERT HUDSON, et al.,**

    Defendants.
_____/

**O R D E R**

This matter came before the court upon plaintiff UNITED STATES of AMERICA'S ("government") motion for final hearing.[1] By order dated July 28, 2006 (doc. 57), final judgment of condemnation was entered wherein it was determined that defendants ADDIE HUDSON, ANDREA BOWDRY, ROBERT HUDSON, LAJUANA MILLS, ANNIE JOYCE LAWRENCE, JOANN SIBERT, MELVIA JANE HUDSON CROSBY, MARION HUDSON, BEN JOHNSON and WILLIAM JOHNSON, JR., were entitled to just compensation for a parcel of land condemned and taken for use by the government.[2] The court determined the fair compensation for the property to be

---

[1] A final hearing was held on June 26, 2006.

[2] The property subject to the declaration of taking was defined as follows:

    All that tract or parcel of land lying and being in Section 8, Township 2 South, Range 30 West, Tallahassee meridian, Escambia County, Florida, being more particularly described as being:

    All of Lot 17, Block "B", Unit No. 1, of Rosewood Terrace Subdivision, a subdivision of a portion of said section 8, according to the plat of said subdivision thereof recorded in Plat Book 5, Page 11, of the records in the office of the Clerk of the Circuit Court in and for

**$9,400.00[3] and directed such funds be distributed to the aforementioned defendants in proportion to their respective interests in the property.[4] The court has since been advised that interest has accrued on the $9,400.00 deposited by the government into the registry of the court.[5] To the extent that defendants are entitled to a portion of the interest earned in proportion to their respective ownership interests in the condemned property[6], the Clerk is hereby DIRECTED to disburse the funds deposited in the registry of the court for just compensation as directed in the court's order entered on July 28, 2006 (doc. 57), and the interest accrued thereon in**

---

      Escambia County, Florida in Book 2640, at page 990

      Containing 0.25 of an acre, more or less, and designated as Tract 173 of the Escambia Treating Company Superfund Site Project.

(See doc. 12, p. 3).

[3] As part of the declaration of taking, section 3114 requires a statement of the amount of money estimated to be just compensation for the land taken. See 40 U.S.C. § 3114(a)(5). In the instant case, the amount of just compensation as determined by the Environmental Protection Agency in the declaration of taking was $9,400.00. The declaration of taking was filed and the deposit of $9,400.00 for just compensation as stated therein was tendered to the court on August 23, 2005. (See docs. 9, 10.)

[4] The award of compensation was allocated among the defendants as follows:

    (a)    ADDIE HUDSON - $1,175.00
    (b)    ANDREA BOWDRY - $293.75
    (c)    ROBERT HUDSON - $293.75
    (d)    LAJUANA MILLS - $293.75
    (e)    ANNIE JOYCE LAWRENCE - $293.75
    (f)    JOANN SIBERT - $1,175.00
    (g)    MELVIA CROSBY - $1,175.00
    (h)    MARION HUDSON - $2,350.00
    (i)    BEN JOHNSON - $1,175.00
    (j)    WILLIAM JOHNSON, JR. - $1,175.00

(See doc. 57).

[5] The court has been advised that as of the date of entry of this order, the funds awarded to defendants as just compensation have not been distributed and that the amount of interest accrued on the government's deposit is $328.69.

[6] See Odyssey Stevedoring Corp. v. Celtic Venture, 817 F.2d 709, 711 (11th Cir. 1987) ("The general rule as to the interest earned on court registry accounts is that interest is allocated proportionately to those who are ultimately determined to be owners of the principal."); United States v. Certain Land Situated in the City of Detroit, Wayne County, Michigan, 286 F.Supp.2d 865, 871 (E.D. Mich. 2003) (interest will accrue from the date of taking until the date of payment); 40 U.S.C. § 3114(c)(1).

accordance with this order.

**DONE AND ORDERED this 16th day of August, 2006.**

*s/ M. Casey Rodgers*
**M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE**